**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Coast Investment Group, LLC; BJ Gunner Investments LLC; Coast Investments Group, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Arizona Department of Housing; Michael Trailor,<br><br>Defendants. | No. CV 09-1733-PHX-JAT<br><br>**ORDER** |

On August 24, 2009, the Judge to whom this case was previously assigned ordered that this case would be dismissed if Plaintiffs failed to obtain an attorney; the Judge ordered Plaintiffs to obtain counsel because limited liability companies can not appear in state court without an attorney (state court being where the complaint was originally filed). *See* Doc. #7 at 2. The same is true in federal court. *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.,* 366 F.3d 972, 973-74 (9th Cir. 2004). Consistent with state law, the Judge ordered that Plaintiffs would be given an opportunity to obtain an attorney. Specifically, the Judge ordered that Plaintiffs had to obtain an attorney and that the attorney had to file an amended complaint on their behalf by September 11, 2009, or Defendants' motion to dismiss the complaint due to the lack of an attorney would be granted. Doc. #7 at 4.

1         Plaintiffs did not obtain an attorney by September 11, 2009 and instead moved this Court for an extension of time to obtain an attorney (Doc. #12). On September 28, 2009, the Court granted Plaintiffs' request for an extension of time up and until October 13, 2009 (Doc. # 15). On October 13, Michael Letzt, filed an amended complaint pro se. Letzt named only himself as plaintiff, dropping the previous plaintiffs Coast Investment Group, LLC, and BJ Gunner Investments, LLC. With regard to the initially filed complaint, only Coast Investment Group, LLC, and BJ Gunner Investments, LLC, were named as plaintiffs, and not Letzt.

        On October 21, 2009, Defendants moved to strike the amended complaint. Neither Letzt or the initially named Plaintiffs have responded to Defendants' motion. After reviewing Defendants' motion, the Court agrees that Letzt's amended complaint is improper.

        Plaintiffs were warned repeatedly that, because they are limited liability companies, they must be represented by counsel in order to appear in federal court. Letzt recognized this problem, but rather than hiring an attorney to represent the limited liability companies, Letzt substituted himself as the named plaintiff–even though he was not a named plaintiff in the original complaint–and omitted the only two previously named plaintiffs. Federal Rules of Civil Procedure 15 make clear that only parties to an action may amend a pleading. See Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course . . . ."). Letzt is, and never has been, a party to this action. To the extent Letzt was seeking to file an amended complaint on behalf of the limited liability companies, as has been reiterated throughout the proceedings, such an effort fails because Letzt is not an attorney. To the extent Letzt was seeking to file an amended complaint on behalf of himself, he is precluded from doing so because he is not a party to this action. As such, he was not authorized to file an amended complaint in this action. Because Letzt was not authorized to file an amended complaint, the Court strikes the amended complaint at Doc. # 16.

        Plaintiffs have not hired counsel nor filed a proper amended complaint within the deadlines entered by this Court. As the Court stated in its September 28 Order: "If Plaintiffs fail to obtain counsel within the deadlines set below, the Court will grant the motion to

dismiss (Doc. #2) without further notice to Plaintiffs and without oral argument." (Doc. # 15) The Court again repeated: "if Plaintiffs fail to obtain counsel within these deadlines, Defendants' motion to dismiss will be granted." (*Id.*)  As such, the Court now dismisses Plaintiffs' action.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Strike "Amended Complaint" Filed by Mr. Letzt on Behalf of Corporate Plaintiffs (Doc. # 18) is granted.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall strike the document contained at Doc. # 16, titled "Amended Complaint Verified Complaint."

**IT IS FURTHER ORDERED** dismissing this case without prejudice.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall close this case.

DATED this 5th day of April, 2010.

James A. Teilborg
United States District Judge